# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SPRING VALLEY OIL & GAS INC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-70-PRW |
| | ) | **LEAD CASE** |
| SK NEMAHA LLC, | ) | |
| | ) | (consolidated with |
| Defendant. | ) | Case No. CIV-20-451-PRW) |

| | | |
|---|---|---|
| SPRING VALLEY OIL & GAS INC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-451-PRW |
| | ) | |
| SK NEMAHA LLC, | ) | (consolidated with |
| | ) | Case No. CIV-19-70-PRW) |
| Defendant. | ) | |

## **ORDER**

Defendant SK Nemaha LLC in Case Nos. CIV-19-70-PRW and CIV-20-451-PRW filed a Motion to Consolidate in both actions.[1] Plaintiff did not file an objection to this request. The motions posit that these actions "involve the same parties, the same horizontal well of SK," "two vertical wells of the Plaintiff located in close proximity to each other,

---

[1] *See* CIV-19-70-PRW (Dkt. 38); CIV-20-451-PRW (Dkt. 6).

1

which Plaintiff contends were damaged by SK's horizontal well," and "the same causes of action."[2]

Rule 42(a) provides that actions may be consolidated if they "involve a common question of law or fact." Upon review of the filings, the Court finds that both actions involve common questions of law and fact. A review of the Complaint (Dkt. 1-1) in Case No. CIV-19-70-PRW and the Complaint (Dkt. 1-1) in Case No. CIV-20-451-PRW reveals that the complaints are virtually identical and involve the same causes of action against SK Nemaha LLC. While each action pertains to alleged damage to a different well, the cause of the damage is allegedly the same and thus common questions of law and fact exist in these actions.

**IT IS THEREFORE ORDERED** that Defendant's motions to consolidate are **GRANTED**. Accordingly, the cases are consolidated for all purposes. "[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another."[3] The parties shall use the caption appearing above

---

[2] Mot. to Consolidate (Dkt. 38) at 1.

[3] *Hall v. Hall*, 138 S. Ct. 1118, 1127 (2018) (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933)); *see also Toledo, St. Louis & Kan. City R.R. Co. v. Cont'l Trust Co.*, 95 F. 497, 506 (6th Cir. 1899) ("[C]onsolidation is primarily but an expedient adopted for saving costs and delay. Each record is that of an independent suit, except in so far as the evidence in one is, by order of the court, treated as evidence in both. The consolidation does not change the rules of . . . pleading, nor the rights of the parties, as those rights must still turn on the pleadings, proofs, and proceedings in their respective suits. The parties in one suit do not thereby become parties in the other, and a decree in one is not a decree in the other . . . . It operates as a mere carrying on together of two separate suits supposed to involve identical issues, and is intended to expedite the hearing and diminish the expense.")

on all future filings. As a matter of convenience, all future filings that pertain to both cases shall be filed under Case No. CIV-19-70-PRW only, but any future filing that pertains to one case only shall be filed only in that case.[4]

**IT IS FURTHER ORDERED** that the scheduling order in CIV-19-70-PRW is **STRICKEN**. A separate order will set this consolidated case for a scheduling conference in the near future.

**IT IS SO ORDERED this 24th day of June, 2020.**

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

(citations omitted)), *quoted in part in Hall*, 138 S. Ct. at 1127, *and cited in Johnson*, 289 U.S. at 497 n.9.

[4] As an example, when SK Nemaha LLC files an answer or a Rule 12(b) motion in response to Plaintiff's Complaint (Dkt. 1-1) in Case No. CIV-20-451-PRW, such answer or Rule 12(b) motion should be filed only in Case No. CIV-20-451-PRW. Likewise, in the event SK Nemaha LLC files any counterclaims or Rule 12(b) motions, Plaintiff's responses thereto—and SK Nemaha LLC's replies, if any—should also be filed only in Case No. CIV-20-451-PRW.